**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CRIMINAL NO. 06-30126-GPM |
| | ) |
| **ERIC D. BLACKWELL,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On October 29, 2007, Eric D. Blackwell was sentenced by this Court to a term of 80 months imprisonment. On April 7, 2008, the Court granted Blackwell's motion, filed by counsel, for retroactive application of the sentencing guidelines for crack cocaine offenses pursuant to 18 U.S.C. § 3582, thereby reducing Blackwell's sentence to 65 months. Blackwell now has filed a *pro se* motion to reconsider his sentence, asking that the 65-month sentence be set aside and a new sentencing date set so that the Court may consider anew the disparity between crack and powder cocaine sentences.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant … has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As fully explained by the Seventh Circuit Court of Appeals:

> [T]here is no "inherent authority" for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to the statute's general rule that "the court may not modify a term of imprisonment once it has been imposed." *See* 18 U.S.C. § 3582(c). When Congress granted district courts discretion to modify sentences in section 3582(c)(2), it explicitly incorporated the Sentencing Commission's policy statements limiting reductions. *See United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in Section 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation."). Thus, the Commission's policy statements should for all intents and purposes be viewed as part of the statute. The policy statements make clear that section 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended guideline range (unless the defendant's original sentence was lower than the guideline range). *See* U.S.S.G. §§ 1B1.10(a)(3), 1B1.10(b)(2)(A).

*United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir.), *cert. denied* No. 08-1149, 2009 WL 688846 (June 22, 2009).

Blackwell's position is contrary to the law of this Circuit. His amended guideline range is 57 to 71 months. The Court, in its discretion, imposed a mid-range amended sentence commensurate with the sentence originally imposed. Blackwell has no right to a full resentencing hearing, as his sentence was modified under 18 U.S.C. § 3582(c)(2). *See Cunningham*, 554 F.3d at 707 ("it seems to us that allowing (or requiring) district courts to essentially conduct a full resentencing upon a section 3582(c)(2) motion would create *more* administrative complexity, not less") (emphasis in original). Accordingly, Blackwell's motion to reconsider (Doc. 98) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 08/10/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge